Elliot Gale (WI Bar #1119904)
egale@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorney for Plaintiff
Dennis Croft

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Dennis Croft<br><br>Plaintiff,<br><br>v.<br><br>PNC Bank, National Association<br><br>Defendant. | CASE NO. 2:22-cv-00108<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act<br>2. Violation of the Wisconsin Consumer Act |

COMES NOW Plaintiff Dennis Croft (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant PNC Bank, National Association's (hereinafter "PNC" or "Defendant") violations of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, and for violations of the Wisconsin Consumer Act (hereinafter "WCA") under Wis. Stat. § 427, *et seq.*, for Defendant's unlawful conduct.

2. Plaintiff brings this action against PNC for its abusive and outrageous conduct in connection with debt collection activity.

1

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## GENERAL ALLEGATIONS

5. Plaintiff is an individual residing in the state of Wisconsin.

6. At all relevant times herein, PNC was a company engaged, by the use of mail, email, and telephone, in the business of collecting a consumer debt from Plaintiff.

7. Defendant is a debt collector as defined pursuant to Wis. Stat. §427.103(3)(h) as it engaged in the collection of Plaintiff's debt personally.

8. Plaintiff opened a credit card account issued by Defendant sometime in early 2019.

9. PNC was responsible for the extension of credit on Plaintiff's credit account.

10. The loan Plaintiff took from Defendant was extended primarily for personal, family or household purposes.

11. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes.

12. Plaintiff's account was an unsecured credit accounts and Plaintiff began making payments on the account shortly after the account was open and used for purchases.

13. Plaintiff eventually became financially unable to continue making payments on his account.

14. Defendant began contacting Plaintiff to inquire about the status of the account and to collect on the payments that were no longer being made.

15. Plaintiff sent Defendant a letter informing Defendant that Plaintiff was withdrawing his consent to be contacted on his cellular telephone.

16. Plaintiff's notice was sent to Defendant on July 8, 2021 via certified mail.

17. Defendant received Plaintiff's letter of revocation and representation on July 20, 2021

2

18. Defendant continued to call Plaintiff after the July 8, 2021 certified notice revocation of consent was sent and subsequently received by Defendant.

19. Defendant continued to contact Plaintiff after he revoked his consent through at least September 1, 2021; the type of contact was through multiple daily phone calls to Plaintiff's cellular telephone.

20. Defendant would call Plaintiff numerous times each day demanding payment on the account and often Plaintiff was contacted two or three times a day.

21. Defendant continued to call Plaintiff on his cellular telephone after he had revoked his consent.

22. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

23. Defendant's automatic dialing machine contains the capacity to randomly dial numbers.

24. Defendant would use a pre-recorded voice when calling Defendant.

25. Defendant would leave pre-recorded messages on Plaintiff's cell phone.

### FIRST CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant)

26. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

27. Defendant was informed that Plaintiff revoked his consent to be contacted by Defendant in July of 2021.

28. Defendant called Plaintiff repeatedly since Plaintiff withdrew his consent to be contacted by an automatic dialing machine on his cellular telephone.

29. Defendant received Plaintiff's revocation of consent through certified mail although Defendant continued to contact Plaintiff on his cellular telephone.

30. Defendant continued to use a pre-recorded voice when placing unauthorized calls to Plaintiff's cellular telephone.

31. Defendant's automatic dialing machine has the capacity to randomly dial numbers.

32. Defendant would contact Plaintiff multiple times each day regarding payment on the accounts.

33. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

34. Plaintiff was still contacted multiple times each day on his cellular telephone despite receiving notice of Plaintiff's revocation of consent.

35. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

36. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(A)(iii).

37. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in early July of 2021.

38. These telephone calls by Defendant, or its agent, violated 47 U.S.C. 227(b)(1)(A)(iii).

## SECOND CAUSE OF ACTION
(Violation of the WCA)
(Wis. Stat. § 427)
(Against Defendant)

39. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

40. Section 427.104(1)(h) of the WCA States:
>  In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction….a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer.

41. Defendant violated section 427(104(1)(h) by engaging in harassing conduct in contacting Plaintiff.

42. It was unfair for Defendant to relentlessly contact Plaintiff through means of numerous phone calls when Plaintiff notified Defendant to cease calling.

43. Defendant ignored Plaintiff's demands and continued to systematically place calls to his cellular telephone without his prior consent and especially after Defendant revoked his consent to continue to be called.

44. Defendant engaged in harassing behavior by placing voluminous calls to Plaintiff.

45. The intent of placing such a large number of harassing calls was to compel Plaintiff into making a payment on the account.

46. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior engaged in by Defendant.

47. Section 427.104(1)(j) of the WCA further states:
> In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction….a debt collector may not….claim, or attempt to threaten to enforce a right with knowledge or reason to know that the right does not exist.

48. Defendant violated section 427.104(1)(j) by continuing to place calls to Plaintiff's cellular telephone after Defendant was informed that Plaintiff revoked his consent to be contacted by Defendant as Plaintiff was represented by counsel and indicated he no longer authorized calls to be placed to his cellular telephone.

49. Defendant should have known that it did not have the right to continue harassing Plaintiff with collection phone calls.

50. Defendant's conduct was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff.

51. In addition to the calls placed to Plaintiff by Defendant, Defendant also continued to harass Plaintiff through email by emailing him payment demands.

52. Defendant acted in defiance of Plaintiff's letter of attorney representation and revocation of consent and the demands that were conveyed to Defendant to stop contacting Plaintiff.

53. The high volume of calls placed by Defendant to Plaintiff was an attempt by Defendant to harass Plaintiff into ultimately submitting to making a payment on the account.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

b. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

c. A declaration that the practices complained of herein are unlawful and violate the aforementioned statutes.

d. Awarding Plaintiff actual damages pursuant to § 427.105, in an amount to be determined at trial.

e. An award of costs and attorney's fees pursuant to § 425.308(1)-(2).

f. Enjoining Defendant from further contacting Plaintiff.

Gale, Angelo, Johnson, & Pruett, P.C.

Dated: January 27, 2022

By: */s/ Elliot Gale*
Elliot Gale
Attorney for Plaintiff